The opinion of the court was delivered by
Manning, C. J.
The plaintiff, a married woman, injoins the sale of one hundred and sixty acres of land, with the buildings thereon, which were under seizure at the instance of McElvin, to satisfy our decree-rendered last year. McElvin v. Taylor, 30 Annual, 552. The ground of injunction is, that she is entitled to a homestead under the law of 1865. Rev. Stats, secs. 1691 et seq.
The husband of the plaintiff is living, is healthy, and personally attends to the management of his business, which is farming. There-are three children, one of whom as a witness in the case says My father, the husband of the plaintiff, is living. The general management-of the farm is left to my father’s judgment. He is a farmer, and makes-his living by farming. For a man of his age, his health is very good. He generally superintends the management of the place. He owns some pine woods land in his own name — sixty acres. It adjoins the homestead place on the south side.” Further on, he sa/s ; — “ The plaintiff has three children living with her, two daughters and a son, two of whnm are minors. She lives on the land seized by McElvin. The three children, I suppose, are dependent on their parents for a support.”
The son is the witness, and his supposition, even if we accord to it the force of a proof, is that himself and his sisters are dependent, not on the plaintiff, for support, but on both parents. The record contains evidence that his father, the husband of the plaintiff, is the owner of one hundred and twenty-one acres of land, besides the sixty acres mentioned above, having successfully resisted the payment of a mortgage to the Mississippi Mills Manufacturing Company, given by him upon that quantity of land.
That a married woman, though separate in property, is not entitled to a homestead under these circumstances, would seem indubitable. Barron v. Solibellos, 28 Annual, 355. And it cannot be contended, that this case falls under the operation of the construction of the homestead *284 act, applied in Hardin v. Wolf, 29 Annual, 333. where the husband was a deaf mute, an imbecile, who could give no assistance in providing for the wants and necessities of the family. We do not pass upon that question in this case, but rest this decision on the simple ground that the plaintiff is not in the condition of that debtor, for whose relief the homestead law was made. She has not a family dependent on her for support. Her husband is not infirm, but on the contrary attends to the farm, aDd owns more land than the law deemed necessary to assign to any impoverished debtor. To sustain such a pretension as is set up here by the plaintiff, would be offering a premium to improvidence, not a boon to misfortune.
Our conclusion on this part of the defence dispenses with the necessity of considering the other matters relied on. The verdict and judgment are erroneous. Therefore
It is ordered and decreed that the verdict of the jury is set aside, and the judgment of the lower courtis avoided and reversed, the injunction is dissolved, and that the defendants have judgment against the plaintiff, upon her demand, and for their costs in the lower coprt, and for costs of appeal.